**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**March 22, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

T'SHUN WILSON,

        Petitioner-Appellant,

v.

EDWARD L. EVANS,*

        Respondent-Appellee.

No. 05-6327

(D.C. No. CIV-05-546-T)

(W. D. Okla.)

**ORDER**

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

Petitioner, a prisoner in Oklahoma state prison, has brought this action under 28 U.S.C. § 2241. On December 6, 2004, Petitioner failed to return to the halfway house where he was being detained. He was authorized to work from 8:00 a.m. to 10:00 p.m. and had until 11:00 p.m. to return to the halfway house. At 10:25 p.m., Petitioner called the halfway house to inform them that he would be approximately twenty or thirty minutes late in returning. At 11:20 p.m., the halfway house called the job site and received no answer. A halfway house

*Petitioner named Ron Ward as Respondent. Since the filing of the petition, Mr. Ward has retired, and Edward L. Evans has been named the Interim Director of the Department of Corrections. Accordingly, pursuant to Fed. R. Civ. P. 25(d)(1), Edward L. Evans has been substituted as Respondent.

employee was sent to the job site to look for Petitioner and found the site vacant at 12:05 a.m. Petitioner returned to the halfway house at 12:45 a.m.

Petitioner was served with the investigator's report on December 20, 2004, and Petitioner acknowledged to the investigator that he had returned to the halfway house late. The original hearing date was scheduled for December 31, 2004, but was rescheduled twice to accommodate further investigation. At the hearing eventually held on January 19, 2005, the hearing officer dismissed the charges against Petitioner because the Department of Corrections had failed to follow its own policies regarding the timing of reports and hearings, and because the incident was investigated before the offense report was served. But that same day, the facility head ordered a rehearing of the decision, and on January 28, 2005, the hearing officer found Petitioner guilty of escape because Petitioner admitted the late return. As a result of the conviction, Petitioner lost 365 days' credit and spent thirty days in disciplinary segregation.

The facility head affirmed this finding. Petitioner appealed to the administrator of the halfway house, who affirmed the finding, and then appealed to the current Respondent's predecessor. The then-Director of the Department of Corrections denied Petitioner's appeal, finding that due process had been accorded and that "[a]ny time an inmate cannot be located they may be considered an escapee, as there is no time frame in which they must be gone." Report and

Recommendation, 4 (W.D. Okla. Aug. 26, 2005). In his § 2241 petition, Petitioner now alleges (1) that the hearings were not conducted in a timely manner, (2) that the hearing was not impartial, and (3) that there was insufficient evidence to support a charge of escape.

The magistrate judge issued a report recommending dismissal of each of Petitioner's claims. As to the hearing's timeliness, while acknowledging that Oklahoma law does create a liberty interest in prisoner's earned credits and, therefore, due process protections apply to their loss, the magistrate judge noted that "a failure to adhere to administrative regulations does not equate to a constitutional violation." *Id.* at 4-5 (internal quotation omitted). The magistrate judge explained that "even though the Department of Corrections failed to strictly follow its own regulations[,] . . . he had the requisite twenty-four hours in which to prepare, he had adequate notice of the conduct with which he was charged, he had the opportunity to present evidence, and he received a written statement of the evidence relied upon and the reasons for the disciplinary action." *Id.* at 6.

Petitioner's complaint of partiality is based on the fact that the same person referred Petitioner's action for investigation, affirmed his guilt on January 28, and denied Petitioner's appeal to the facility head. The magistrate judge recommended dismissal of this because "[t]he mere fact that Petitioner was found guilty is not indicative of bias or prejudice or partiality on the part of the

-3-

rehearing officer." *Id.* at 7. Additionally, as the magistrate judge noted, Petitioner's partiality complaint is at least partly based on alleged partiality in the appeals process, but an appeal is not constitutionally required in instances of prison discipline. *See Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1974) (limiting a prisoner's due process rights).

Finally, Petitioner argued that his actions did not constitute escape because "an inmate assigned to an alternative to incarceration authorized by law or to the Preparole Conditional Supervision Program" must be out of contact for at least twenty-four hours to be considered an escapee. Okla. Stat. tit. 21 § 443. The magistrate judge recommended dismissal of this claim because the halfway house to which Petitioner was assigned was a correctional facility and Petitioner was not covered by § 443, and therefore any unexplained absence could constitute escape.

The district court adopted the magistrate judge's recommendations over Petitioner's objections and dismissed Petitioner's claims on September 21, 2005. Order, 3 (W.D. Okla. Sept. 21, 2005). The district court also denied Petitioner's motion to proceed in forma pauperis. Order Denying Leave to Proceed In Forma Pauperis (W.D. Okla. May 18, 2005). Though the district court did not address whether to grant Petitioner a certificate of appealability ("COA"), we proceed as if Petitioner's motion for a COA was denied. Petitioner advances to this court the same arguments he made to the district court and seeks from us a COA.

In order for this court to grant a COA, Petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To do so, Petitioner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted).

We have carefully reviewed Petitioner's brief, the magistrate judge's recommendation, the district court's disposition, and the record on appeal. Nothing in the facts, the record on appeal, or Petitioner's filing raises an issue which meets our standard for the grant of a COA. For substantially the same reasons set forth by the magistrate judge in his August 26, 2005, Report and Recommendation and district court in its September 21, 2005, Order, we cannot say "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner." *Id.*

We **DENY** Petitioner's request for a COA and **DISMISS** the appeal. Petitioner's motion to proceed in forma pauperis is **DENIED**.

Entered for the Court


Monroe G. McKay
Circuit Judge

-5-